IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAKAIYA MADISON,    Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-945 |
| PHILADELPHIA POLICE DEPARTMENT,    Defendant. | : : : : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                                        **APRIL 20, 2021**

Plaintiff Nakaiya Madison, a prisoner currently incarcerated at the Alternative and Special Detention Center in Philadelphia, Pennsylvania, initiated this civil action by filing a two-page, handwritten letter Complaint alleging that her civil rights were violated by police officers during an arrest.  (ECF No. 1.)  By Order dated March 9, 2021, the Court directed Madison to file an application to proceed *in forma pauperis*, or to pay the fees necessary to commence a civil action.  (ECF No. 3.)  The undersigned also directed the Clerk of Court to send to Madison a blank copy of the Court's form complaint for a prisoner filing a civil rights action so that she could file an amended complaint if she chose to do so.  Madison subsequently filed an Amended Complaint, naming as the sole Defendant the Philadelphia Police Department.  (ECF No. 4 at 2-3.)[1]  Madison has also sought leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant the application to proceed *in forma pauperis* and dismiss Madison's Amended

---

[1] The Court adopts the pagination assigned to Madison's submissions by the CM/ECF docketing system.

Complaint in its entirety without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Madison will be granted leave to file a second amended complaint.

I.      **FACTUAL ALLEGATIONS**[2]

A review of the public dockets reveals that Madison was arrested in Philadelphia on October 24, 2019. *See Commonwealth v. Madison*, Nos. CP-51-CR-0000203-2020, CP-51-CR-0000205-2020, CP-51-CR-0000207-2020 (C.P. Phila.). Madison alleges that "on Frankford Ave[nue] near the Frankford Transportation Center" she "was dragged out of a moving car by police men." (ECF No. 4 at 5.) She claims that "[t]hey viciously crashed into my moving car. They dragged me out & pushed me on the ground. One officer had his knee in my neck while the other cuffed me from [the] back." (*Id.* at 6.) Madison further described the incident as follows:

> I was attacked by police men. One slammed me on ground while other hit me from back. They handcuffed me while one had his knee in my neck. One had me down while the other went to grab the other people that was in the car with me. First Quadir Pratt then Sahmaaz Holmes who was in back seat. I hit my head hard in accident & on the ground. They both beat up Quadir Pratt & threw him in the police car. While they put me in back of pattywagon van. Other police men & captain was called to scene.

(*Id.* at 6, 8.) While the publicly available docket lists an arresting officer, Madison does not identify the officer or officers alleged to have violated her rights.

---

[2] The following allegations are taken from Madison's Amended Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court notes that "[i]n general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (internal citations omitted), *cert. denied*, 140 S. Ct. 1611 (2020).

Madison indicates that she was taken to Aria Hospital for treatment because she was "beaten up really bad" with a "concussion, busted mouth & nose and a black eye." (*Id.* at 6, 8.) She also alleges that her knee was injured and that she has suffered psychological injuries as a result of the incident. (*Id.* at 7.) Madison further contends that she "was arrested and brought to RCF[3] without being medical cleared" and that she was "brought back to 8th & Race from there." (*Id.* at 5.) She seeks money damages for her injuries. (*Id.* at 8.)

## II.  STANDARD OF REVIEW

The Court will grant Madison leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Madison is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] The Court understands RCF to refer to Riverside Correctional Facility in Philadelphia, Pennsylvania.

[4] However, as Madison is a prisoner, she will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

## III.     DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

It appears Madison intends to bring a claim for excessive force in violation of the Fourth Amendment.[5] However, the only defendant Madison has named is the Philadelphia Police Department. It is unclear whether Madison can identify the police officers who allegedly used excessive force against her. Nevertheless, a claim against the Philadelphia Police Department is

---

[5] "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (citations omitted). Courts must also consider "other relevant factors . . . such as 'the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.'" *Id.* (citations omitted).

not plausible.  Following the decision in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Philadelphia Police Department is not a proper defendant in this case under § 1983 and must be dismissed.

In any event, Madison has not pled a basis for municipal liability.  To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Madison has not done so here.

Additionally, Madison lists Sahmaaz Holmes and Quadir Pratt as plaintiffs in the Amended Complaint.  (*See* ECF No. 4 at 3.)  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus

ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991) "Although an individual may represent herself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). To the extent Madison seeks to present a claim on behalf of Sahmaaz Holmes or Quadir Pratt, she may not do so. In other words, although Madison may pursue her own claims, she may not pursue claims on behalf of others.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Madison leave to proceed *in forma pauperis* and will dismiss her Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal of Madison's Amended Complaint will be without prejudice because the Court cannot say at this time that Madison could not assert a plausible claim against a defendant other than the Philadelphia Police Department based on the events she descried in her Amended Complaint. Accordingly, the Court will give Madison an opportunity to file a second amended complaint if she can state a plausible claim against an appropriate defendant.

An appropriate Order follows.

BY THE COURT:

s/ MICHAEL M. BAYLSON

_____

**MICHAEL M. BAYLSON, J.**

O:\CIVIL 21\21-945 Madion v Phila Police\21-945 Madison Memorandum dismiss-amend final.docx