IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAKAIYA MADISON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-945 |
| | : | |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, the 20th day of April, 2021, upon consideration of Plaintiff Nakaiya Madison's Motion to Proceed *In Forma Pauperis* (ECF No. 5), her Prisoner Trust Fund Account Statement (ECF No. 6), and her *pro se* Amended Complaint (ECF No. 4), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Nakaiya Madison, #1212129, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Alternative and Special Detention Center in Philadelphia, Pennsylvania or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Madison's inmate account; or (b) the average monthly balance in Madison's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Madison's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Madison's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Alternative and Special Detention Center in Philadelphia, Pennsylvania.

4. The Amended Complaint is **DEEMED** filed.

5. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. Madison may file a Second Amended Complaint within thirty (30) days of the date of this Order. Any Second Amended Complaint must identify all defendants in the caption of the Second Amended Complaint in addition to identifying them in the body of the Second Amended Complaint and shall state the basis for Madison's claims against each defendant. The Second Amended Complaint must also provide as much identifying information for the defendants as possible. Madison may refer to a defendant by last name only if that is the only identifying information possessed. If Madison wishes to name individuals for whom she does not have any identifying information, she may refer to those individuals as John Doe #1, John Doe #2, etc.[1] **The Second Amended Complaint shall be a complete document that does not rely on the Amended Complaint or other papers filed in this case to state a claim because, once filed, the Second Amended Complaint supersedes the Amended Complaint in this matter.** *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Madison may file.

173, 175 n.3 (3d Cir. 2019) (explaining that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").  When drafting her Second Amended Complaint, Madison should be mindful of the Court's reasons for dismissing the claims in her Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a Second Amended Complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Madison a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Madison may use this form to file her Second Amended Complaint if she chooses to do so.[2]

8. If Madison does not wish to amend and instead intends to stand on her Amended Complaint as pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Madison fails to file any response to this Order, the Court will conclude that Madison intends to stand on her Amended Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**

O:\CIVIL 21\21-945 Madion v Phila Police\21-945 Madison Order dismiss-amend final.docx

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).